UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

THOMAS H. HURLOW,              )
               Movant,          )
                               )
   vs.                         )    2:10-cv-244-WTL-WGH
                               )
UNITED STATES OF AMERICA.      )

**Entry Discussing Motion for Relief Pursuant to 28
U.S.C. ' 2255 and Denying Certificate of Appealability**

    For the reasons explained in this Entry, the motion of Thomas H. Hurlow for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The ' 2255 Motion

    A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Hurlow has filed such a motion, asserting that he was denied the effective assistance of counsel in connection with his guilty plea and the failure to file a motion to suppress evidence seized during a search of his residence on December 16, 2008.

    Drug and gun charges against Hurlow in No. 2:09-cr-10-WTL-CMM-01 were resolved through the submission and acceptance of his plea agreement with the United States. Hurlow agreed to plead guilty to specified charges and did so on July 28, 2009. In addition, the plea agreement provided that Hurlow waived his right to appeal his conviction and sentence and expressly agreed not to contest, or seek to modify, his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. ' 2255.

    The court accepted Hurlow's plea, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure.* In doing so, the court found that Hurlow was entering his plea of guilty knowingly and voluntarily, and understood the consequences of his plea. On September 10, 2010, the court sentenced Hurlow. No direct appeal was filed with respect to the disposition of the case.

The Seventh Circuit has recognized the validity of waivers such as included in the plea agreement in this case and will enforce the waiver unless there is a claim that the plea agreement/waiver was entered into involuntarily or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* states that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

167 F.3d at 1145. In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that

> [b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief.

*Id.* Additionally, the court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*
In this case, Hurlow does not allege that his counsel was ineffective with regard to the negotiation of the waiver. In fact, during his change of plea hearing, Hurlow stated that he was satisfied with the representation and advice given to him by his attorney. AIn order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently.@ *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* Hurlow entered such a plea in this case. His statements to the court at the time of his plea leave no doubt that his plea was knowing, intelligent and voluntary. *See United States v. King*, 506 F.3d 532, 534 (7th Cir. 2007)(court notes after examining the circumstances of a guilty plea that defendant Ahas given us no reason to doubt the veracity of his sworn statements that, notwithstanding his ingestion of the drug, he understood the charges against him, the rights that he was relinquishing by pleading guilty, and the consequences of his plea@). The provision of the plea agreement

discussed above is effective, and through it Hurlow waived his opportunity to challenge his conviction pursuant to ' 2255.

The foregoing circumstances show that Hurlow is not entitled to relief pursuant to 28 U.S.C. ' 2255 without the merits of his claim being reached. The motion for relief pursuant to ' 2255 is therefore **denied.** Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2255 proceedings, and 28 U.S.C. ' 2253(c), the court finds that Hurlow has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 09/26/2011

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana